UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIJAH BUCKLEY,

    Petitioner,

v.                                          CASE NO. 6:08-cv-2046-31DAB

SECRETARY, DEPARTMENT OF
  CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

This case is before the Court on Petitioner's amended petition for habeas corpus relief filed pursuant to 28 U.S.C. section 2254 (Doc. No. 6). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in therein should not be granted. Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply to the response (Doc. No. 13).

Petitioner alleges one claim for relief in his habeas petition: the trial court erred in denying his motion to suppress.

**I.    *Procedural History***

Petitioner was charged by information with one count of burglary of a structure and

one count of possession of drug paraphernalia. A jury trial was held, and Petitioner was found guilty as charged. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of 45 months as to the burglary count and to time-served as to the possession count. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*. Petitioner did not file any other postconviction matters.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

III.   Analysis

A.   *Claim One*

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Petitioner claims that the trial court erred in denying his motion to suppress and that there was a *Miranda*[2] violation in his case.

Prior to trial, Petitioner filed a motion to suppress, alleging, in pertinent part, as follows: 1) prior to his arrest and at the time he was the subject of a criminal investigation, he was subjected to a custodial interrogation; 2) he was not advised of his *Miranda* rights prior to the custodial interrogation; 3) he was subsequently arrested and again subjected to a custodial interrogation; 4) he was under the influence of crack cocaine at the time he made his statements to law enforcement and was unable to voluntarily waive his *Miranda* rights; and 5) his statements made to law enforcement were not given freely and voluntarily. The trial court held an evidentiary hearing on the motion, and it was denied.

At the evidentiary hearing, Petitioner testified that, on the day of the burglary, he smoked $368 dollars worth of crack cocaine between 9:30 a.m and 5:30 p.m. (Exhibit A, Transcript of Trial at 33.) However, Petitioner remembered the directions given to him by the police officers, the questions the police officers asked him, and the answers that he gave to those questions. *Id*. at 33-35.

Officer Danielle Gately, who worked with the Orlando Police Department, testified that she responded to a commercial alarm at Elite Electric and noticed Petitioner near the vicinity of the business. *Id*. at 9-10. She approached Petitioner and asked him what he was doing in the area. *Id*. at 12. Petitioner responded that he had found 100 pounds of wire, and Officer Gately directed Petitioner to sit on the curb and to remove his backpack. *Id*. at

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

12-13. She obtained Petitioner's permission to search his backpack and found needlenose pliers, a screwdriver, and a crack pipe. *Id*. at 13. Petitioner did not appear to be under the influence of crack cocaine. *Id*.

Detective Marie Verret, who worked with the Orlando Police Department, testified that she read Petitioner his *Miranda* rights before she asked him any questions regarding the crime. *Id*. at 22-25. She stated that Petitioner did not appear to be under the influence of any illegal narcotics or "otherwise under the influence." *Id*. at 25-26.

Petitioner appears to first argue that he should have been given *Miranda* warnings during his encounter with Officer Gately; however, Petitioner has not shown that he was placed in custody at that time. Consequently, he was not undergoing a custodial interrogation, and the right to counsel and the privilege against self-incrimination did not apply in this factual situation. Accordingly, there was no violation of Petitioner's Fifth, Sixth, or Fourteenth Amendment rights.

Petitioner appears to next argue that he did not knowingly and voluntarily waive his *Miranda* rights during the interrogation with Detective Verret. However, the testimony of Detective Verret showed that *Miranda* warnings were given to Petitioner before the custodial interrogation and that Petitioner did not appear to be under the influence of drugs when those warnings were given. The Court notes that the trial court did not find Petitioner's testimony to be credible with regard to this matter. *Id*. at 42. Hence, there was no violation of Petitioner's Fifth, Sixth, or Fourteenth Amendment rights.

Moreover, this claim was considered by the state appellate court. *See Wright v.*

*Moore*, 278 F.3d 1245 (11th Cir. 2002) (holding that a state court's rejection of a claim without any discussion, or issuance of an opinion, does not preclude determination that claim was adjudicated on the merits, so that state court's determination will be entitled to deference for purposes of federal habeas corpus review pursuant to AEDPA). In considering this claim, Petitioner has not shown that the state appellate court applied a rule that contradicted the governing law set forth in the cases of the United States Supreme Court. Furthermore, there is no indication that the result reached by the state appellate court was at odds with any United States Supreme Court case which considered "materially indistinguishable facts." Finally, Petitioner has not demonstrated that the state appellate court's application of the clearly established law regarding this claim was objectively unreasonable.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 6) filed by Elijah Buckley is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly, and is directed to close this case.

---

[3] To the extent Petitioner has raised a Fourth Amendment claim, it is denied in light of *Stone v. Powell*, 428 U.S. 465 (1976), since Petitioner was provided the opportunity for a full and fair hearing on his motion to suppress before the trial court, as well as the full and fair litigation of the matter on appellate review.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 5th day of March, 2010.

Copies to:
sa 3/5
Counsel of Record
Elijah Buckley

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.